IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 19, 2017 Session

## JOE DAVID ERWIN ET AL. v. GREAT RIVER ROAD SUPERCROSS LLC ET AL.

### Appeal from the Chancery Court for Dyer County
### No. 15-CV-218      Tony Childress, Chancellor

_____

### No. W2017-00150-COA-R3-CV

_____

At oral argument, the parties agreed that the trial court made a finding concerning the reliance element of Appellants' fraud claim that was not supported by the record. Accordingly, we vacate the trial court's order and remand the case for further proceedings.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Jason R. Creasy, Dyersburg, Tennessee, for the appellants, Joe David Erwin, and Amanda Rachel Erwin.

Matthew W. Willis, Dyersburg, Tennessee, for the appellees, Great River Road Supercross, LLC, and Brian Klinkhammer.

# MEMORANDUM OPINION[1]

## I. Background

Joe Erwin and Amanda Erwin (together, "Appellants") entered into an oral agreement to purchase personal and real property from Great River Road Supercross, LLC ("the LLC"). The sole member of the LLC is Brian Klinkhammer (together with the LLC, "Appellees"). The purchase price was $160,000.00, and Appellants made a $40,000.00 down payment. The parties entered into a contract titled "Real Estate Installment Notes" ("the Note") for payment of the balance of the purchase price. The Note required Appellants to make yearly payments of $12,000.00 for a period of ten (10) years. Appellees executed a warranty deed, which specifically warranted against encumbrances. However, when the parties executed the Note, unbeknownst to Appellants, there was a $20,000.00 mortgage on the property, which Mr. Klinkhammer did not pay off at the time of closing.

The parties' agreement provided that certain property/equipment was included in the sale. Appellants contend that a 10-foot fiber shank was to remain with the property. However, unbeknownst to Appellants, the shank was the property of a third party, who removed it. Rather than seek injunctive or other relief, in an effort to recoup for the alleged loss of the shank, Appellants tendered $10,000.00, as opposed to $12,000.00, as their first installment under the Note. Appellants believed that $2,000.00 was the approximate value of the piece of equipment that was removed. Appellees considered this reduced payment to be a material breach and foreclosed on the property. At the foreclosure sale, the property was purchased by Mr. Klinkhammer for the balance of the Note.

On April 29, 2015, Appellants filed a Complaint in the Dyer County Chancery Court ("trial court") for fraud, breach of warranty, and breach of contract. Appellees filed an Answer and Counterclaim on July 1, 2015. In the counterclaim, Appellees averred breach of contract and conversion by Appellants. The case was heard on October 18, 2016. On December 8, 2016, the trial court entered an order, granting Appellants a $1,000.00 judgment against Mr. Klinkhammer for failure to perform the obligation to deliver the fiber shank. All other claims asserted by Appellants were dismissed. Appellants appeal.

---

[1] Rule 10 of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## II. Issues

1. Whether the trial court erred in finding that Appellants' fraud claim failed since Appellants did not rely on the language in the Warranty Deed.

2. Whether the trial court erred in determining that Appellants were not damaged by Appellees' breach of warranty and breach of contract.

## III. Standard of Review

This case was tried without a jury. Therefore, we review the trial court's findings of fact *de novo* with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). The trial court's conclusions of law, however, are reviewed *de novo* and "are accorded no presumption of correctness." ***Brunswick Acceptance Co., LLC v. MEJ, LLC***, 292 S.W.3d 638, 642 (Tenn. 2008).

## IV. Analysis

Appellants alleged that Appellees engaged in fraud because Appellees sold Appellants real property that was encumbered by a mortgage when Appellees asserted the property was unencumbered. The four elements for a fraud claim are: (1) an intentional misrepresentation of a material fact, (2) knowledge of the representation's falsity, (3) an injury caused by reasonable reliance on the representation, and (4) the requirement that the misrepresentation involve a past or existing fact. ***Kincaid v. SouthTrust Bank***, 221 S.W.3d 32, 40 (Tenn. Ct. App. 2006) (citing ***Dobbs v. Guenther***, 846 S.W.2d 270, 274 (Tenn. Ct. App. 1992) (citations omitted)).

In its findings of fact and conclusions of law, the trial court found:

One Plaintiff testified that he did not rely on the unencumbered language in the deed when making the decision to purchase the property, and the other Plaintiff did not testify. There was indeed an intentional misrepresentation made that the real property was unencumbered, but since it was not established that the Plaintiffs relied on this misrepresentation when making their purchasing decision, there is no fraud.

However, at trial Mr. Erwin testified in part as follows:

Q: Did [Mr. Klinkhammer] provide you with a warranty deed that specifically had a covenant that said the property was not to be encumbered?

A: Yes, sir.

Q: Did the property continue to be encumbered after you purchased it? Did it - - the mortgage still continue on the property until 2012?

A: Yes, sir.

\*\*\*

Q: . . . The first time you realized that there was, well, a deed of trust or anything owed to First Citizens was after - - was when you received the foreclosure notice; right?

A: Yes, sir.

Q: Before then, no idea.

A: No; I was told there was no liens against it.

\*\*\*

Having reviewed Mr. Erwin's testimony, we agree with the parties' statements at oral argument that Mr. Erwin did not testify "that he did not rely on the unencumbered language in the deed when making the decision to purchase the property . . . ." The trial court's finding regarding the reliance element, which provided the basis for the trial court's decision that there was no fraud, is simply not supported by the evidence. As such, the record preponderates against the trial court's finding regarding Appellants' fraud claim. We therefore vacate the trial court's judgment in favor of Appellees and remand the case for further proceedings. Our holding in this case does not preclude the trial court from reopening proof on remand. We pretermit all remaining issues.

## V. Conclusion

For the foregoing reasons, we vacate the trial court's order and remand for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed one-half to the Appellants, Joe Erwin, Amanda Erwin, and their surety, and one-half to Appellees, Great River Road Supercross, LLC, and Brian Klinkhammer, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE